**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MEGHAN LARYWON,** **Plaintiff,** -against- **LAW SCHOOL ADMISSION COUNCIL, INC.,** **Defendant.** | NO. 11 CIV 3664 **VERIFIED COMPLAINT** JUDGE BRICCETTI |

FILED U.S. DISTRICT COURT 2011 MAY 31 A 9:07 S.D. OF N.Y. W.P.

Plaintiff Meghan Larywon, by her attorneys, Eastwood, Scandariato & Steinberg, as and for her complaint against Defendant Law School Admission Council, Inc. ("LSAC") alleges as follows:

**JURISDICTION**

1. Plaintiff alleges violations of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a and its implementing regulations; Titles III and V of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and New York law.

2. This Court has subject-matter jurisdiction over this matter pursuant to 20 U.S.C. § 1415, and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff Larywon, an individual, is a citizen of the State of New York, residing at 44 Tulip Lane, New Rochelle, New York.

4. Upon information and belief, Defendant LSAC is a not-for-profit corporation organized under the laws of the State of Pennsylvania. LSAC does business in the State of New York.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as the residence of the plaintiff is within this district.

6. Plaintiff was diagnosed with Attention Deficit Disorder, DSM 314.00, while a student in the third grade, and has since been diagnosed with a Processing Speed Disorder, DSM 315.9.

7. Processing speed implicates the ability to perform automatic cognitive tasks, particularly when measured under time pressure to maintain focused attention.

8. Plaintiff's visual processing speed is significant below average, such that her ability to process written information is substantially limited.

9. Among other things, Ms. Larywon's diagnosed disabilities prevent her from succeeding when success is measured by one's ability to read and process visual information under time pressure.

10. Plaintiff's elementary and secondary education took place in small independent schools, where her disabilities were informally accommodated. As a result of her private education, Plaintiff has never received been classified or received services under the Individuals with Disabilities Education Act.

11. Plaintiff was on stimulant medication to control her attentional disorder when she took the Scholastic Aptitude Test in June and October of 2006.

12. Over time, Plaintiff became increasingly unable to tolerate the adverse side effects a variety of medications typically prescribed for Attention Deficit Disorder, as a result of which she has been unable to take such medication since her senior year of high school.

13. Plaintiff Larywon is a senior at Wesleyan University in Middletown, Connecticut, where she has focused on taking courses culminating in written work, rather than final examinations.

14. Plaintiff applied for and was granted accommodations including double time on all examinations and extended time on all papers by the Wesleyan University Office of Student Affairs.

15. Plaintiff is desirous of attending law school beginning in the fall of 2012.

16. Most law schools require a candidate for admission to submit to the Law School Admissions Test ("LSAT") as part of the admissions process.

17. Defendant LSAC administers the LSAT, with over 150,000 tests administered annually at testing centers worldwide.

18. Under LSAC policy, accommodations "may" be available to students with documented disabilities.

19. Plaintiff Larywon is registered to take the LSAT at the June 6, 2011 administration thereof.

20. Plaintiff was previously registered to take the LSAT in September 2010.

21. In connection with her registration for the September 7, 2010 LSAT, Plaintiff submitted to Defendant LSAC a completed Accommodations Request Packet, including a Candidate Form, an Evaluator Form, completed by Karen L. Webb, Ph.D., a neuropsychologist licensed in the State of New Jersey who has evaluated Plaintiff, the report of the Neuropsychological Evaluation conducted of Plaintiff by Dr. Webb, and a letter from Jeffrey H. Newcorn, M.D., Associate Professor and Director, Child and Adolescent Psychiatry, Mount Sinai School of Medicine, who has treated Plaintiff for Attention Deficit Disorder since 1997. A copy of Plaintiff's submission is annexed hereto as Exhibit A.

22. Specifically, based upon the guidance provided by Dr. Webb and Dr. Newcorn, Plaintiff requested that the LSAC provide her with double time and 15 minute breaks between each section of the test.

23. By letter dated August 31, 2010, the LSAC denied Ms. Larywon's application for accommodations.

24. By letter dated April 25, 2011, Ms. Larywon, through counsel, again requested that Defendant LSAC grant Plaintiff the accommodations recommended by her doctors for the June 6, 2011 administration of the LSAT.

25. By letter dated May 13, 2011, Defendant again denied Plaintiff's request for accommodations "for the reasons previously provided."

26. The LSAC's denial of Ms. Larywon's application was based on mistaken information regarding Ms. Larywon's taking of the SAT.

27. The LSAC failed to address the impact of Ms. Larywon's diagnosed Processing Speed Disorder application in denying her application for accommodations.

28. Upon information and belief, the LSAC failed to consider the clinical observations of Karen L. Webb, Ph.D. the neuropsychologist who evaluated Ms. Larywon and whose report was submitted to the LSAC in connection with Ms. Larywon's application for accommodations.

29. By letter dated April 25, 2011, Plaintiff requested accommodations for the June 6, 2011 administration of the LSAT.

30. By letter dated May 13, 2011, the LSAC again refused to provide Ms. Larywon with accommodations "[f]or the reasons previously provided."

**Count I**

31. Plaintiff repeats, reiterates and realleges the allegations contained in Paragraphs 1 through and including __ of the Verified Complaint with the same force and effect as if hereinafter set forth at length.

32. Plaintiff is a person with a disability within the meaning of the Americans with Disabilities Act.

33. Plaintiff's ADD and processing speed disorders substantially limit her ability to concentrate and to learn in comparison to most people.

34. The accommodations requested by Plaintiff – double time and 15 minute breaks between sections of the LSAT – are reasonable in light of her disabilities.

35. Defendant has unreasonably failed to accommodate Plaintiff in violation of 42 U.S.C. § 12189.

**Prayer For Relief**

WHEREFORE, Plaintiff Meghan Larywon requests injunctive relief against Defendant Law School Admission Council as follows:

1. Granting Plaintiff an injunction requiring Defendant to provide Plaintiff with reasonable accommodations during the June 6, 2011 administration of the LSAT, specifically, the accommodations recommended by her doctors and for which she made application, to wit: double time and 15 minute breaks between each section of the test;

2. Ordering the answer sheets or like documentation completed by Plaintiff during the test so taken held, unscored, in a secure manner, with the scoring of Plaintiff's LSAT dependent upon the outcome of these proceedings;

3. Granting Plaintiff attorneys' fees, together with the costs and disbursements of this action; and

4. For such other and further relief as the Court may deem just and proper.

Dated: 30 May 2011

EASTWOOD, SCANDARIATO & STEINBERG

By ______________________
Lisa K. Eastwood (LE5201)

Attorneys for Plaintiff Meghan Larywon
336 President Street
Saddle Brook, NJ 07663
(973) 253.1500

STATE OF NEW JERSEY )
) ss.:
COUNTY OF BERGEN )

LISA K. EASTWOOD, being duly sworn, says:

I am a member of the firm of Eastwood, Scandariato & Steinberg, attorneys for Plaintiff Meghan Larywon. I have read the foregoing Verified Complaint and know the contents thereof and that the same is true to mu own knowledge, except as to matters therein alleged to be on information and belief, and that as to those matters, I believe them to be true. This verification is made by me and not by Ms. Larywon because Ms. Larywon does not reside in the county in which my office is located. The sources of my information and the grounds of my belief as to all matters alleged on information and belief are my general investigation of the facts of this case.

Lisa K. Eastwood, Esq.

Sworn to before me this
27th day of May 2011

SUZIE S TAOUCH
Notary Public
State of New Jersey
My Commission Expires Dec 11, 2013